IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED

2005 JUL -6  P 4: 41

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA.

| | | |
|---|---|---|
| ARMA JEAN HARRIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CIVIL ACTION NO. 2:05cv633-D |
| | ) | |
| BEAULIEU GROUP, LLC, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Beaulieu Group, LLC ("Beaulieu"), defendant in the above-styled action, files this Notice of Removal of the foregoing cause to the United States District Court for the Middle District of Alabama, Northern Division. As grounds which entitle it to removal, Beaulieu respectfully represents the following:

**I.    THIS NOTICE OF REMOVAL IS TIMELY AND PROPERLY FILED.**

1.    Plaintiff Arma Jean Harris instituted the above styled action in the Circuit Court of Barbour County, Alabama, Eufaula Division. The complaint seeks unspecified damages from defendant for bodily injuries that occurred during her employment with Beaulieu with Count I asserting claims against Beaulieu for negligence, wantonness and/or willfulness and Count I asserting claims of negligent hiring, training and supervision. Said suit was filed on or about May 31, 2005, and bears case number CV-2005-101 in the Circuit Court of Barbour County, Alabama, Eufaula Division.

- 1 -

2. Beaulieu was served with plaintiff's summons and complaint on June 9, 2005.

3. This is a civil action within the meaning of the Acts of Congress relating to the removal of cases.

4. The first receipt by any of the defendants of the summons and complaint, by service or otherwise, occurred less than thirty days before the filing of this Notice of Removal. Therefore, pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is timely filed.

5. The time in which defendant is required by state law or rules of court to answer or plead to the complaint has not expired.

## II.  THE PARTIES TO THIS ACTION ARE OF DIVERSE CITIZENSHIP.

6. The complaint alleges that the Plaintiff is a citizen of Barbour County, Alabama. (Exhibit "A," Complaint ¶ 1).

7. Defendant Beaulieu is now and was at the time of the filing of Plaintiff's complaint, and all times intervening, a Georgia limited liability corporation with its principal place of business in Dalton, Georgia.

8. The complaint also purports to state claims against unnamed, fictitious defendants identified as fictitious defendants A, B, and C. For purposes of removal, "the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441(a).

9. Thus, the controversy in this civil action is wholly between citizens of different states: Plaintiff is a citizen of the State of Alabama, and Beaulieu is a citizen

of the State of Georgia. The controversy between the parties can be fully determined in this case. Beaulieu knows of no change in citizenship of these parties that has occurred since the commencement of this suit.

### III. THE AMOUNT IN CONTROVERSY EXCEEDS THIS COURT'S JURISDICTIONAL THRESHOLD.

10. The amount in controversy in this action exceeds the sum of Seventy-Five Thousand Dollars ($75,000.00) exclusive of interest and costs. This is a personal injury case wherein Plaintiff alleges severe head injuries and amnesia as the result of an air conditioning cover falling over fifty (50) feet from the ceiling onto her head and neck.

11. It is clear that the amount in controversy in this action is in excess of $75,000.00, exclusive of interest and costs. Under Alabama law, compensatory and punitive damage awards in cases involving similar claims routinely exceed the jurisdictional minimum and Alabama juries have awarded damages in excess of $75,000.00 many times. Keibler-Thompson Corporation v. Steading, 2005 WL 327572 (Ala., Feb. 11, 2005)(jury returns $500,000.00 verdict for the plaintiff in case filed against a corporation by an employee who was injured when a board fell through a crusted slag); Shiv-Ram, Inc. v. McCaleb, 892 So. 2d 299 (Ala. 2003)(jury returns $676,572.82 verdict against corporation in case where plaintiff was injured when ankle struck sharp object that was part of bed frame). Under the authority of Tapscott v. MS Dealer Service Corp., 77 F.3d 1353 (11th Cir. 1996), the defendant only has the burden to prove that the amount in controversy requirement has been met by a "preponderance of the evidence" where, as in this case, the plaintiff makes an unspecified demand for

damages. It is clear that the amount in controversy in this action is in excess of the Court's $75,000.00 jurisdictional limit, exclusive of interest and costs.

## IV.    THIS COURT HAS JURISDICTION UNDER 28 U.S.C. § 1332.

12.   As set forth above, diversity of citizenship exists between the parties in this case and the amount in controversy exceeds $75,000.00, exclusive of interest and costs. Accordingly, pursuant to 28 U.S.C. § 1332 and 1446, this case is removable to this Court.

13.   A certified copy of the complete record in this matter is attached as Exhibit "A."

14.   Pursuant to 28 U.S.C. § 1446(d), written notice of the filing of this Notice of Removal is being given to the Plaintiff together with a copy of the Notice of Removal, which will also be filed with the Clerk of the Circuit Court of Barbour County, Alabama, Eufaula Division.

## V.    REMOVAL IS NOT PROHIBITED BY 28 U.S.C. § 1445(c).

15.   Plaintiff's complaint filed in this matter does not seek workmen's compensation benefits nor does she allege any of her claims arise under the workmen's compensation laws of Alabama.

16.   On August 5, 2004, Plaintiff filed a separate cause of action for workmen's compensation benefits in the Circuit Court of Barbour County, Eufaula Division against defendant Beaulieu. That case bears civil action number CV-2004-147. It is still pending in Barbour County, Alabama, Eufaula Division, and a copy of the complaint is attached hereto as Exhibit "B".

WHEREFORE, Beaulieu prays that this action be removed to this Court from the Circuit Court of Barbour County, Alabama, Eufaula Division.

Respectfully submitted,

Beaulieu Group, LLC

By: _____
Courtney R. Potthoff   (POT010)
One of the Attorneys for Defendant
Beaulieu Group, LLC

OF COUNSEL:

WILLIAMS, POTTHOFF, WILLIAMS
&amp; SMITH, L.L.C.
Post Office Box 880
Eufaula, Alabama 36072-0880
Telephone    (334) 687-5834
Facsimile    (334) 687-5722

## CERTIFICATE OF SERVICE

I hereby certify that I have on this ___ day of July, 2005, served a copy of the above and foregoing Notice of Removal upon the following counsel of record, by depositing a copy of same in the United States Mail, properly addressed, postage prepaid:

Robin C. Freeman, Esq.
Hall, Smith, Prim &amp; Freeman, P.A.
Post Office Box 1748
Dothan, Alabama 36302-1748

_____
Of Counsel