IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ARMA JEAN HARRIS, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| vs. | )   CIVIL ACTION NO. 2005-CV-633-D |
| | ) |
| BEAULIEU GROUP, LLC, et al., | ) |
| | ) |
|     Defendants. | ) |

## DEFENDANT BEAULIEU GROUP, LLC'S
## MOTION TO DISMISS

COMES NOW Defendant Beaulieu Group, LLC ("Beaulieu" or "Defendant"), by and through its undersigned attorney, and hereby moves, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, to dismiss Plaintiff's Complaint for failure to state a claim upon which relief can be granted, and in support thereof and as grounds therefor states as follows:

1.    On May 31, 2005, Plaintiff Arma Jean Harris filed the above-styled action in the Circuit Court of Barbour County, Alabama, Eufaula Division. For clarification, the suit filed on May 31, 2005, will be referred to herein as "Harris II." Harris II was removed to this Court on July 6, 2005.

2.    The Harris II complaint seeks damages from Defendant for bodily injuries that occurred during her employment with Beaulieu with Count I asserting claims against Beaulieu for negligence, wantonness and/or willfulness by failing to prevent a dangerous condition from occurring on its premises, and Count II asserting claims of negligent hiring, training and supervision of any person or business charged with installing and/or maintaining the air conditioning system and duct work.

3. Arma Jean Harris previously filed a cause of action for workmen's compensation benefits on August 5, 2004, in the Circuit Court of Barbour County, Alabama, Eufaula Division, against the same defendant herein, Beaulieu Group, LLC. For clarification the action filed on August 5, 2004, will be referred to herein as "Harris I."

4. Harris I is still pending in Barbour County, Alabama, Eufaula Division, and a copy of the complaint was previously filed with this Court as Exhibit "B" to Defendant's Notice of Removal.

5. Alabama Code § 6-5-440 (1975) states as follows:

> "No plaintiff is entitled to prosecute two actions in the courts of this state at the same time for the same cause and against the same party. In such a case, the defendant may require the plaintiff to elect which he will prosecute, if commenced simultaneously, and the pendency of the former is a good defense to the latter if commenced at different times."

6. Harris I and Harris II involve identical parties, originally filed in the same court, regarding the same injury. The only difference between Harris I and Harris II is the plaintiff alleges different theories of liability against Beaulieu.

7. The standard for deciding whether two actions may proceed under Ala. Code § 6-5-440 is similar to the standard applied for *res judicata*; that is, whether the issues in the two actions are the same and whether the same evidence would support a recovery in both actions. *See Hill v. United Ins. Co. of America*, 998 F. Supp. 1333 (M.D. Ala. 1998).

8. Both actions involve allegations against Plaintiff's employer for injuries that allegedly occurred on June 1, 2003, when part of an air conditioning cover and some debris fell on Plaintiff's head. See copy of Harris I Complaint ¶ 6 and copy of Harris II

Complaint ¶ 5. Each action will most certainly involve identical witnesses and evidence since they involve the same parties and the same occurrence.

9. The Alabama Supreme Court has held there is an exception to Ala. Code § 6-5-440 and a plaintiff will be allowed to pursue a second case in a second court, stating the same cause of action but a different theory or ground of recovery, where the court in the first action would clearly not have had jurisdiction to entertain the omitted theory or ground, or, having jurisdiction, would clearly have declined to exercise it as a matter of discretion. See *Terrell v. Bessemer*, 406 So. 2d 337 (Ala. 1981). This limited exception clearly does not apply in this matter since there is no indication that the same court would have declined jurisdiction in Harris II.

10. Harris II is also due to be dismissed because as a general rule the Alabama Workers' Compensation Act is the exclusive remedy available to Plaintiff against her employer, Beaulieu. See *Ala. Code* §§ 25-5-52 and 25-5-53 (1975). In both actions, Plaintiff is seeking damages for an injury that occurred within the course of her employment with Defendant.

11. The exclusivity provisions do not prevent an action against an employer for intentional conduct, such as intentional fraud and outrageous conduct. See *Tittle v. Custard Ins. Adjusters*, 590 So. 2d 880 (Ala. 1991). However, the plaintiff in Harris II does not allege a cause of action for intentional fraud or outrage against the Defendant.

12. It is undisputed that at the time of the incident Plaintiff was an employee of Beaulieu and that she was injured by an accident arising out of and in the course of her employment. There is a dispute only about the nature and extent of her injuries and whether she is permanently and totally disabled as a result.

13. In *Ex parte Progress Rail Services Corp.,* 869 So. 2d 459 (Ala. 2003), the Alabama Supreme Court analyzed the current state of the law regarding the exclusivity provisions of the Alabama Workers' Compensation Act. In *Progress Rail,* the employer was in the process of cutting up several railroad cars for scrap metal with blow torches. The supervisor told the employee that they would not be cutting up one of the cars because it had a 4,000-gallon diesel fuel tank in it. However, he later told the employee to cut up the fuel tank with a blow torch. Not surprisingly, an explosion occurred and the employee was engulfed in flames and died as result of her injuries. Her heirs filed a five count complaint asserting that the employer intentionally and/or willfully caused the fatal injuries to the deceased in violation of its duty to provide her with a safe place to work; Count II alleged that Progress Rail intentionally and willfully failed to hire, train, and/or supervise the co-employee defendants. Progress Rail filed a 12(b)(6) motion to dismiss based on the exclusive remedy provisions of the Alabama Workers' Compensation Act, and the circuit judge denied the motion. Progress Rail filed a mandamus petition and the Alabama Supreme Court held that Progress Rail was entitled to be dismissed as a party from the action because the exclusive remedy provisions barred the employee's survivors from suing the employer for failure to provide a safe place to work, regardless of whether the employer's conduct was negligent, wanton, intentional, or willful. *Ex parte Progress Rail Services Corp.,* 869 So. 2d 459, 470 (Ala. 2003). Claims for willful and intentional violations of the duty to provide an employee with a safe place to work can be maintained against co-employees, ***not*** employers.

14. Plaintiff's claims in Harris II are clearly barred.

WHEREFORE, Beaulieu prays that the complaint filed against it in Harris II be dismissed in its entirety.

Respectfully submitted on this 12th day of July, 2005.

/s/ *Courtney R. Potthoff*
Courtney R. Potthoff  (POT010)


/s/ *Joel P. Smith, Jr.*
Joel P. Smith, Jr. (SMI192)

Attorneys for Defendant Beaulieu Group, LLC


OF COUNSEL:

WILLIAMS, POTTHOFF, WILLIAMS
     & SMITH, L.L.C.
Post Office Box 880
Eufaula, Alabama  36072-0880
Telephone     (334)  687-5834
Facsimile       (334)  687-5722


**CERTIFICATE OF SERVICE**

I hereby certify that I have on this 13th day of July, 2005, served a copy of the above and foregoing Motion to Dismiss upon the following counsel of record, by depositing a copy of same in the United States Mail, properly addressed, postage prepaid:

    Robin C. Freeman, Esq.
    Hall, Smith, Prim & Freeman, P.A.
    Post Office Box 1748
    Dothan, Alabama  36302-1748


/s/ *Courtney R. Potthoff*
Of Counsel