IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ARMA JEAN HARRIS, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| vs. | )    CASE NO. 2005-CV-633-D |
| | ) |
| BEAULIEU GROUP, LLC, et al., | ) |
| | ) |
|     Defendants. | ) |

**MOTION TO REMAND AND RESPONSE TO
DEFENDANT'S MOTION TO DISMISS**

COMES NOW the Plaintiff in the above styled matter, by and through undersigned counsel, and hereby files this Motion to Remand and Response to Defendant's Motion to Dismiss. Plaintiff respectfully moves this Honorable Court to remand this matter back to the Circuit Court of Barbour County, Alabama (Eufaula Division) and/or in the alternative to deny Defendant's Motion to Dismiss should the case not be remanded. As grounds in support of said motion, Plaintiff shows unto the Court the following:

**I.**     **Background Facts**

The Plaintiff, Arma Jean Harris, began her employment with Beaulieu Group, LLC in 1986 and at the time of the accident in question was a winder operator. On June 1, 2003, the Plaintiff was working within the line and scope of her employment with Defendant Beaulieu when part of an air conditioning cover, duct work, debris and water fell over fifty (50) feet onto her head and neck.

After said accident occurred, Plaintiff was taken to Lakeview Community Hospital by her supervisor for treatment. Thereafter, Plaintiff was taken from Lakeview

Community Hospital to Flowers Hospital in Dothan, Alabama where she was diagnosed with a severe head injury. Plaintiff subsequently treated with First Med of Dothan complaining of back and neck pain as well as pressure in her eyes. She was diagnosed with blunt force trauma to the head and neck and was admitted to Southeast Alabama Medical Center on June 4, 2003 for observation.

While at Southeast Alabama Medical Center, Plaintiff underwent several x-rays, CT scans and MRI tests. After said tests had been performed, Plaintiff was diagnosed with post concussion syndrome with amnesia and to this day she continues to suffer from the injuries she received from the above-mentioned accident.

From these facts, the Plaintiff filed suit in the Circuit Court of Barbour County, Alabama (Eufaula Division) on May 31, 2005 for negligence, wantonness and/or willfulness, and negligent hiring, training and supervision against Beaulieu Group, LLC and Fictitious Defendants. Said fictitious defendants were named as those persons, corporations, partnerships or other legal entities who own and/or operate the company which is responsible for installing and maintaining the heating, cooling and duct work for the system located at Beaulieu Group, LLC, on or before June 1, 2003 and those persons, firms, and/or corporations which were the employees of the company which is responsible for installing and maintaining the heating, cooling and duct work for the system located at Beaulieu Group, LLC, on or before June 1, 2003.

In addition to the filing of her Complaint, Plaintiff also served her First Consolidated Discovery Requests in which she sought to identify the real name of the fictitious defendants in order for them to be named as true defendants in the Complaint.

**II.     Remand Standard**

Federal courts are courts of limited jurisdiction. See <u>Kokkonen v. Guardian Life Ins. Co. of Am.</u>, 511 U.S. 375 (1994); <u>Burns v. Windsor Insurance Co.</u>, 31 F.3d 1092, 1095 (1994); <u>Wymbs v. Republican State Executive Committee</u>, 719 F.2d 1072, 1076 (11th Cir. 1983), *cert. denied*, 465 U.S. 1103 (1984). Thus, as stated in <u>Kokkonen</u>, federal courts only have the power to hear cases that they have been authorized to hear by the Constitution or the Congress of the United States. Because federal court jurisdiction is limited, the Eleventh Circuit favors remand of removed cases where federal jurisdiction is not absolutely clear. <u>Burns v. Windsor Insurance Co.</u>, 31 F.3d at 1095 (1994).

Removal of a case to federal court is only proper if the case originally could have been brought in federal court. See U.S.C. § 1441(a). In a motion to remand, the removing party bears the burden of showing the existence of federal jurisdiction. <u>Diaz v. Sheppard</u>, 85 F.3d 1502, 1505 (11th Cir. 1996), *cert. denied*, 520 U.S. 1162 (1997).

**III.    Motion to Dismiss Standard**

A motion to dismiss is only granted when the movant demonstrates 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.' See <u>Gaines v. Choctaw County Commission</u>, 242 F.Supp.2d 1153 (S.D. Ala. 2003) *citing* <u>Harper v. Blockbuster Entertainment Corp.</u>, 139 F.3d 1385, 1387 (11th Cir. 1998) *quoting* <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957). For purposes of a motion to dismiss, the Court must accept all the allegations of the complaint as true and construe the facts asserted in the light most favorable to the plaintiff. See <u>Fortner v. Thomas</u>, 983 F.2d 1024, 1028 (11th Cir. 1993).

### IV. <u>**Fictitious Defendants and Diversity Jurisdiction**</u>

The subject of fictitious defendants and diversity jurisdiction has been addressed within the federal court system on numerous occasions. In fact, <u>28 U.S.C. § 1441(a)</u> states in pertinent part, "for purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded." This language was added in 1988 under the Judicial Improvements and Access to Justice Act, in order to curtail the practice of naming fictitious defendants merely to destroy diversity. See <u>Howell v. Circuit City</u>, 330 F.Supp.2d 1314 (M.D. Ala. 2004).

In Plaintiff's Complaint filed on May 31, 2005, she named fictitious defendants who were those persons, corporations, partnerships or other legal entities who own and/or operate the company which is responsible for installing and maintaining the heating, cooling and duct work for the system located at Beaulieu Group, LLC, on or before June 1, 2003 and those persons, firms, and/or corporations which were the employees of the company which is responsible for installing and maintaining the heating, cooling and duct work for the system located at Beaulieu Group, LLC, on or before June 1, 2003. Plaintiff would represent unto this Court that these fictitious parties were not named to merely destroy diversity jurisdiction, but rather, were named so that upon learning their true identity they could be named as real parties to the action.

In the case of <u>Gaines v. Choctaw County Commission</u>, 242 F.Supp.2d 1153 (S.D. Ala. 2003), the Court held, "there is no express statutory or rule prohibition against [the use of fictitious parties]" *citing* Charles A. Wright, Arthur R. Miller and Edward H. Cooper, <u>Federal Practice and Procedure § 3642</u> (3d ed. 1998). Moreover, "since the practice plays an important part in some states in the tolling of the statute or limitations and in the procedure for acquiring personal jurisdiction, an absolute rule against its use in

4

federal court actions seems unwise and might violate the federal court's obligation to apply the rules of decision of the forum state." Id. The Court further stated, "this is especially true in cases removed from Alabama state courts based on diversity where the inclusion of fictitious parties may have a bearing on principles of relation back." See Gaines at 1166.

As stated in the facts above, Plaintiff's accident occurred on June 1, 2003 and her Complaint was filed on May 31, 2005 along with her First Consolidated Discovery Requests. Thus, at this point her statute of limitations has run. To allow this case to be removed to this forum would create a significant hardship towards the Plaintiff should the fictitious parties be discharged from the Complaint and the case is subsequently dismissed. Clearly, as the case law addresses above, Plaintiff's inclusion of fictitious parties involves the principle of relation back. The Plaintiff maintains that her statute of limitations has run and that upon identification of the true identity of the fictitious parties, she intends to add them to her Complaint as defendants. Simply stated, Plaintiff is trying through legal action and the channels of discovery to identify who these fictitious parties are. However, if these fictitious parties are allowed to be discharged and should the case ultimately be dismissed from federal court, then Plaintiff has no recourse and her entire case is lost.

In addition, prior to the filing of Defendant's Removal to Federal Court, Plaintiff's counsel informed Defendant's counsel that a Motion to Consolidate this case with the worker's compensation case could be filed in order to preserve the fictitious defendant's and then, if possible, a voluntary dismissal of Defendant Beaulieu could be filed. Nonetheless, this request was apparently not considered.

5

WHEREFORE, the above premises considered, the Plaintiff respectfully requests this Honorable Court to remand this cause back to the Circuit Court of Barbour County, Alabama (Eufaula Division) so that Plaintiff can file a Motion to Consolidate this case with the pending Workman's Compensation case in order to preserve her fictitious defendants. However, should this case remain in federal court, Plaintiff requests this Honorable Court to deny Defendant's Motion to Dismiss and to allow Plaintiff to keep her fictitious parties and make the Defendant answer the discovery in order to determine the identity of the fictitious parties.

RESPECTFULLY SUBMITTED this the 22nd day of July, 2005.

s/ Robin C. Freeman (FRE050)
Attorney for Plaintiff
Hall, Smith, Prim & Freeman, P.A.
360 North Oates Street
P.O. Box 1748
Dothan, Alabama 36302
Tel: 334-793-3610
Fax: 334-671-1843
Email: rfreeman@hallsmith.com

s/ Benjamin J. Freeman (FRE045)
Attorney for Plaintiff
Hall, Smith, Prim & Freeman, P.A.
360 North Oates Street
P.O. Box 1748
Dothan, Alabama 36302
Tel: 334-793-3610
Fax: 334-671-1843
Email: bfreeman@hallsmith.com

**CERTIFICATE OF SERVICE**

      I hereby certify that I have on this 22nd day of July, 2005 served a copy of the above and foregoing upon the following counsel of record electronically and by placing a copy of same in the United States Mail, properly addressed, postage prepaid:

    Courtney R. Potthoff, Esq.
    Joel P. Smith, Esq.
    Williams, Potthoff, Williams
       & Smith, L.L.C.
    Post Office Box 880
    Eufaula, Alabama 36072

                                            s/ Robin C. Freeman
                                            Of Counsel