IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ARMA JEAN HARRIS, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| vs. | )   CIVIL ACTION NO. 2:05cv633-D |
| | ) |
| BEAULIEU GROUP, LLC, et al., | ) |
| | ) |
|     Defendants. | ) |

**DEFENDANT BEAULIEU GROUP, LLC'S OPPOSITION TO
PLAINTIFF'S MOTION TO REMAND**

Defendant Beaulieu Group, LLC ("Beaulieu"), submits the following brief in opposition to Plaintiff's Motion to Remand and in compliance with the Court's Show Cause Order of July 22, 2005. Beaulieu requests that the Court deny the plaintiff's Motion to Remand, and as grounds therefor states as follows:

1. As this court is aware, this case stems from an accident that occurred during Plaintiff's employment with Beaulieu when part of an air conditioning cover fell and struck Plaintiff on the head. The Plaintiff is a citizen of Alabama and the sole Defendant is a corporate citizen of Georgia, and, therefore, diversity jurisdiction rests in this federal court.

2. Plaintiff attempts to defeat diversity by stating that they have also named as fictitious defendants "those persons, corporations, partnerships or other legal entities who own and/or operate the company which is responsible for installing and maintaining the heating and cooling and duct work for the system located at Beaulieu Group, LLC." *See* Plaintiff's Motion to Remand and Response to Defendant's Motion to Dismiss filed

on July 22, 2005, page 4, ¶ 2. Pursuant to 28 U.S.C. § 1441(a), the citizenship of defendants sued under fictitious names shall be disregarded. The Plaintiff cites <u>Gaines v. Choctaw County Commission</u>, 242 F.Supp.2d 1153 (S.D. Ala. 2003) in support of their argument to remand this action. <u>Gaines</u> did not involve a motion to remand. It involved several motions to dismiss filed by the various defendants as well as a motion to strike fictitious parties filed by the plaintiffs. The Plaintiffs filed a motion to strike based on their notion that fictitious party practice is not permitted in federal court. In <u>Gaines</u>, the Court simply declined to strike the fictitious defendants from the complaint and held that there is not an absolute bar against fictitious party practice in federal court and in some instances it is allowed. However, in <u>Gaines</u>, the Court did not hold that the citizenship of fictitious defendants could be considered to defeat diversity.

      3.     In addition, Plaintiff argues if this case is not remanded and it is ultimately dismissed she is left with no recourse and her entire case is lost. This argument is untrue and improper. The Plaintiff currently has pending a separate cause of action for workers' compensation benefits in state court which by statute is her only recourse against this Defendant. The exclusivity provisions of the Alabama Workers' Compensation statute protect her employer from causes of action such as this one even if the purpose of this second lawsuit is only to determine the identities of fictitious defendants. Her separate cause of action for workers' compensation is not at issue here, it is still pending in state court, and it will not be affected by any ruling in this action.

<u>**Conclusion**</u>

This action was properly removed and Plaintiff's Motion to Remand is due to be denied as diversity jurisdiction clearly exists. Further, Plaintiff has failed to demonstrate

any reason why Defendant's Motion to Dismiss should not be granted.  The Plaintiff is not entitled to pursue two actions against the same defendant over the same occurrence. *See* Alabama Code § 6-5-440 (1975).  The Alabama Workers' Compensation Act is the exclusive remedy available to Plaintiff against her employer, Beaulieu.  See *Ala. Code* §25-5-52 and 25-5-53 (1975).  Plaintiff's claims for willful and intentional violations of the duty to provide an employee with a safe place to work can be maintained against co-employees, ***not*** employers.

WHEREFORE, Beaulieu prays that Plaintiff's Motion to Remand be denied because diversity jurisdiction clearly exists and Beaulieu has met all the requirements for proper removal of this matter.  Finally, Defendant's Motion to Dismiss should be granted based upon the arguments and evidence asserted by Defendant herein and its Motion to Dismiss previously filed on July 12, 2005.

Respectfully submitted on this 3rd day of August, 2005.

/s/ *Courtney R. Potthoff*
Courtney R. Potthoff  (POT010)

/s/ *Joel P. Smith, Jr.*
Joel P. Smith, Jr. (SMI192)

Attorneys for Defendant Beaulieu Group, LLC

OF COUNSEL:

WILLIAMS, POTTHOFF, WILLIAMS
    & SMITH, L.L.C.
Post Office Box 880
Eufaula, Alabama  36072-0880
Telephone     (334)  687-5834
Facsimile     (334)  687-5722

## **CERTIFICATE OF SERVICE**

   I hereby certify that I have on this 3rd day of August, 2005, served a copy of the above and foregoing Defendant Beaulieu Group, LLC's Opposition to Plaintiff's Motion to Remand upon the following counsel of record, by depositing a copy of same in the United States Mail, properly addressed, postage prepaid:

Robin C. Freeman, Esq.
Hall, Smith, Prim & Freeman, P.A.
Post Office Box 1748
Dothan, Alabama  36302-1748

            /s/ *Courtney R. Potthoff*
            Of Counsel