IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ARMA JEAN HARRIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 2:05cv633-D |
| ) | (WO) |
| BEAULIEU GROUP, LLC, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION AND ORDER**

Before the court is Plaintiff Arma Jean Harris' ("Plaintiff") motion to remand (Doc. No. 6), which is opposed by Defendant Beaulieu Group, LLC's ("Defendant" or "Beaulieu"). (Doc. No. 9.) Also before the court is Defendant's motion to dismiss. (Doc. No. 4.) After careful consideration of the arguments of counsel, the relevant law and the record as a whole, the court finds that Plaintiff's motion to remand is due to be denied, that Defendant's motion to dismiss is due to be granted, and that the only named Defendant is due to be dismissed. The court, however, declines to dismiss this cause in its entirety. Instead, for the reasons stated herein, the court shall grant Plaintiff thirty days to conduct discovery and to file a motion to amend the complaint with the true identities of the fictitious defendants.

**I. BACKGROUND**

Plaintiff alleges that, on June 1, 2003, while "working within the line and scope of her employment," she was injured at work when "part of an air conditioning cover, duct

work, debris and water" fell more than fifty feet from the ceiling onto her head and neck. (Compl. ¶ 5 (Doc. No. 1).) Plaintiff suffered "a severe head injury," requiring medical treatment from "several physicians." (Id. ¶¶ 6, 8-9.) At the time of the accident, Plaintiff's employer was Beaulieu. (Id.)

In her two-count complaint, filed on May 31, 2005, in the Circuit Court of Barbour County, Alabama, Plaintiff brings state law claims against her employer, seeking to recover for her on-the-job injuries. (Id. ¶¶ 11, 22.) In Count I, Plaintiff alleges that Defendant had a duty to provide her with a safe work place, to "perform reasonable inspections" of the premises, and to warn or "otherwise protect" her from the dangerous condition which caused her injuries. (Id. ¶¶ 12-14.) Plaintiff says that Defendant "negligently, wantonly and/or willfully" breached its duty owed to her. (Id. ¶ 15.) In Count I, Plaintiff also names fictitious parties, averring that they "negligently, wantonly and/or willfully" installed and/or maintained the air conditioning system, including the duct work.[1] (Id. ¶ 17.)

Count II is a claim for negligent, wanton and/or willful hiring, training and supervision. (Id. ¶¶ 19-22.) Plaintiff avers that Defendant and the fictitious defendants

---

[1] In the caption of her complaint, Plaintiff identifies the fictitious defendants as follows: (1) "those persons, firms and/or corporations who own and/or operate the company which is responsible for installing and maintaining the heating, cooling and duct work for the system located at Beaulieu . . . on or before June 1, 2003"; and (2) "those persons, firms and/or corporations which were the employees of the company which is responsible for installing and maintaining the heating, cooling and duct work for the system located at Beaulieu . . . on or before June 1, 2003." (See Compl. at 1 (Doc. No. 1).)

2

"owed Plaintiff a duty to use reasonable and ordinary care in the hiring, training and supervision of any person or business charged with installing and/or maintaining the air conditioning system and duct work." (Id. ¶ 20.)  She says that Defendant and the fictitious parties negligently, wantonly and/or willfully breached their duty to Plaintiff "by failing to use the reasonable and ordinary care necessary to insure that said air conditioning unit was properly installed and maintained." (Id. ¶ 21.)  As relief, Plaintiff seeks compensatory and punitive damages. (Id. at 4, 5.)

On July 6, 2005, Defendant timely removed this case to federal court from the Circuit Court of Barbour County based on diversity jurisdiction.  See 28 U.S.C. §§ 1332(a)(1), 1441(a).  Defendant's notice of removal and Plaintiff's complaint establish that the named Plaintiff and named Defendant are citizens of different states and that the amount in controversy exceeds $75,000, exclusive of interest and costs.  See 28 U.S.C. § 1332(a); (Def. Not. of Removal ¶¶ 6-11 & Compl. (Doc. No. 1).)  These jurisdictional facts are not disputed by Plaintiff.  (See Pl. Mot. to Remand (Doc. No. 6).)

Prior to filing the instant complaint in state court, on August 5, 2004, Plaintiff commenced a workers' compensation action against Defendant in the Circuit Court of Barbour County, seeking recovery from Defendant for the same injuries which form the basis of this lawsuit.  (Ex. B to Compl. (Doc. No. 1).)  The workers' compensation lawsuit is pending.  (Def. Mot. Dismiss ¶ 4 (Doc. No. 4).)

## II.  STANDARD OF REVIEW

### A. Remand Standard

Defendant, as the party removing an action to federal court, has the burden of establishing federal jurisdiction.  See Diaz v. Sheppard, 85 F.3d 1502, 1505 (11th Cir. 1996).  The court's subject matter jurisdiction is assessed based on the pleadings at the time the notice of removal is filed.  See St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 289 (1938).  Because the removal statutes are strictly construed against removal, generally speaking, all doubts about removal must be resolved in favor of remand.  See Shamrock Oil and Gas Corp. v. Sheets, 313 U.S. 100, 108-09 (1941); Butler v. Polk, 592 F.2d 1293, 1296 (5th Cir. 1979).

A defendant may remove a case from state court to the corresponding federal district court if the district court has original jurisdiction over the case.  See 28 U.S.C. § 1441(a).  A federal district court has original jurisdiction over a civil action in which only state law claims are alleged if the civil action arises under the federal court's diversity jurisdiction.  See 28 U.S.C. § 1332(a)(1).  The diversity statute confers jurisdiction on the federal courts in civil actions "between citizens of different states" in which the jurisdictional amount is met.  See id.  Diversity jurisdiction requires complete diversity of citizenship between all plaintiffs and all defendants.  See Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 373-74 (1978).

B. <u>Dismissal Standard</u>

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a defendant may move to dismiss a complaint because the plaintiff has failed to state a claim upon which relief may be granted. <u>See</u> Fed. R. Civ. P. 12(b)(6). A Rule 12(b)(6) motion questions the legal sufficiency of a complaint; therefore, in assessing the merits of a Rule 12(b)(6) motion, the court must assume that all the factual allegations set forth in the complaint are true. <u>See</u>, <u>e.g.</u>, <u>United States v. Gaubert</u>, 499 U.S. 315, 327 (1991); <u>Powell v. Lennon</u>, 914 F.2d 1459, 1463 (11th Cir. 1990).

## III. DISCUSSION

The court must determine whether it has removal jurisdiction over this case before entertaining Defendant's motion to dismiss, as a federal court which lacks subject matter jurisdiction over a removed case does not have jurisdiction to rule on any other pending motion. <u>National Union Fire Ins. Co. v. Liberty Mut. Ins. Co.</u>, 878 F. Supp. 199, 203 (M.D. Ala. 1995). The court, thus, first examines Plaintiff's motion to remand.

A. <u>Plaintiff's Motion to Remand</u>

Plaintiff does not dispute that diversity of citizenship exists between her and Beaulieu or that her lawsuit satisfies the amount-in-controversy requirement <u>See</u> 28 U.S.C. § 1332(a)(1). She also recognizes that the presence of fictitious defendants does not destroy complete diversity because 28 U.S.C. § 1441(a) expressly provides that, "[f]or

purposes of removal . . ., the citizenship of defendants sued under fictitious names shall be disregarded."  28 U.S.C. § 1441(a); (Pl. Mot. to Remand at 4 (Doc. No. 6).)

Plaintiff, however, presents two arguments in support of her motion to remand. First, Plaintiff contends that disregarding the citizenship of the fictitious parties for purposes of removal would pose a "significant hardship" on her.  (Pl. Mot. to Remand at 5 (Doc. No. 6).)  This is so, she says, because she will be precluded from the opportunity she would have in state court under the rules governing relation-back of amendments to discover the identity of and join these defendants.  (Id. at 4-5.)  Plaintiff is concerned that the statute of limitations now has run on her claims and that a dismissal of the fictitious parties by this court will deprive her of asserting an otherwise viable claim against a new defendant.  (Id.)  Second, Plaintiff contends that the court should remand this cause so that it can be consolidated with her related workers' compensation case against Defendant.[2]  The court, however, finds that Plaintiff's arguments do not constitute sufficient bases for remanding this case to state court.

Plaintiff cites Gaines v. Choctaw County Commission, 242 F. Supp.2d 1153 (S.D. Ala. 2003).  Although Gaines provides support for her position that dismissal of the fictitious defendants is not mandated by federal rule or statute, discussed *infra*, Gaines does not stand for the proposition that the presence of fictitious parties confers discretion

---

[2] Plaintiff has not relied upon 28 U.S.C. § 1445(c) in support of her motion to remand, and appropriately so.  Plaintiff's claims do not "arise under" Alabama's workers' compensation laws, so as to trigger application of § 1445(c).  See Raye v. Employer's Ins. of Wausau, 345 F. Supp.2d 1313, 1316 (S.D. Ala. 2004).

upon a federal court to decline to hear a case over which it clearly has subject matter jurisdiction. See id. at 1166. In limited circumstances, however, courts have considered the citizenship of unnamed defendants in determining whether diversity jurisdiction supports removal. See Marshall v. CSX Transp. Co., 916 F. Supp. 1150, 1152 (M.D. Ala. 1995); Brown v. TranSouth Financial Corp., 897 F. Supp. 1398, 1401 (M.D. Ala. 1995). Plaintiff has not relied upon any of these narrow exceptions, and, thus, they are not relevant to the present analysis. Because the actual identity and citizenship of the fictitious defendants are not revealed in the pleadings, the court finds that Plaintiff's argument urging a remand based on the presence of fictitious parties is, at best, "speculative" and "premature." Greer v. Skilcraft, 704 F. Supp. 1570, 1578 (N.D. Ala. 1989). It is clear by statute that, in the context of removal jurisdiction, the fictitious defendants pose no bar to this court's exercise of diversity jurisdiction. See 28 U.S.C. § 1441(a).

Plaintiff's request that the court should remand this cause for consolidation with her pending workers' compensation case also is unavailing. Notwithstanding that Plaintiff's two lawsuits involve the same parties, facts and injuries, the possibility that upon remand a state court would consolidate Plaintiff's tort lawsuit with her workers' compensation case simply does not provide a valid reason to remand a case.[3] See, e.g., Losoya v. Coca-Cola Enters., Inc., No. 05-007, 2005 WL 1799618, *2 (S.D. Tex. July 26,

---

[3] The court notes also that there is no guarantee that a state court would consolidate her two actions if this case were remanded.

2005) (rejecting plaintiff's argument that, for efficiency reasons, her federal case, properly removed on the basis of diversity jurisdiction, should be remanded for consolidation with a related state court case; "[s]implification of the process of litigation is not a basis for remand").

The court has subject matter jurisdiction over this civil action. Jurisdiction flows from Article III, Section 2, of the United States Constitution and is statutorily granted in 28 U.S.C. § 1332(a). Defendant's right to remove this action, thus, is expressly authorized pursuant to 28 U.S.C. § 1441(a). Plaintiff's arguments in support of her motion to remand, in essence, are arguments that the court decline to exercise jurisdiction which it undisputably possesses, not that the court remand this action for lack of subject matter jurisdiction or based upon a procedural defect in the removal process. See 28 U.S.C. § 1447(c). The court lacks the authority to grant Plaintiff the relief she requests. See Woods Corporate Assoc. v. Signet Star Holdings, Inc., 910 F. Supp. 1019, 1027 (D.N.J. 1995) ("[w]hen the court has diversity jurisdiction, it has 'no authority to decline to hear [a] removed case'") (quoting Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 356 (1987)). Accordingly, Plaintiff's motion to remand is due to be denied, as the court finds that it properly exercises subject matter jurisdiction over this civil action, pursuant to 28 U.S.C. §§ 1332(a)(1) and 1441(a).

B.  Defendant's Motion to Dismiss

Turning to Defendant's motion to dismiss, Defendant contends that Plaintiff cannot state a claim against it because the exclusivity provisions of the Alabama Workers' Compensation Act (hereinafter referred to sometimes as the "Act") bar her causes of action in this lawsuit.  See Ala. Code §§ 25-5-52, 25-5-53 (1975); (Def. Mot. Dismiss ¶¶ 10-14 (Doc. No. 4).)  For the reasons to follow, the court agrees.

The exclusivity provisions of the Alabama Workers' Compensation Act provide, in pertinent part, that an employee cannot seek "compensation or damages," other than under the Act, "for an injury or death occasioned by an accident . . . proximately resulting from and while engaged in the actual performance of the duties of his or her employment and from a cause originating in such employment or determination thereof."  Ala. Code § 25-5-52 (1975).  Section 25-5-53 provides, in pertinent part, as follows:

> The rights and remedies granted in this chapter to an employee shall exclude all other rights and remedies of the employee, . . . at common law, by statute, or otherwise on account of injury . . . .  Except as provided in this chapter, no employer shall be held civilly liable for personal injury to . . . the employer's employee, for purposes of this chapter, whose injury or death is due to an accident . . . while engaged in the service or business of the employer, the cause of which accident . . . originates in the employment.

Ala. Code § 25-5-53 (1975).

As recognized by this court, Alabama courts have carved out exceptions to the exclusivity provisions for certain types of intentional torts, see Treadwell v. Dow-United Technologies, 970 F. Supp. 974, 986-87 (M.D. Ala. 1997) (DeMent, J.), but "the exceptions . . . are very limited."  Crean v. Michelin Tire Corp., 889 F. Supp. 460, 463

(M.D. Ala. 1995) (Albritton, J.).  For example, in <u>Beard v. Mobile Press Register, Inc.</u>, the Alabama Court of Civil Appeals acknowledged that "an employer's 'intentional tortious conduct,' such as intentional fraud, 'committed beyond the bounds of the employer's proper role,' is actionable notwithstanding the exclusivity provisions of the [Act]."  ___ So. 2d ___, 2004 WL 2827970, *3 (Ala. Civ. App. 2004) (citing <u>Hobbs v. Alabama Power Co.</u>, 775 So. 2d 783, 786 (Ala. 2000), and <u>Lowman v. Piedmont Executive Shirt Mfg. Co.</u>, 547 So. 2d 90, 95 (Ala. 1989)).  Also, "if an employer's wrongful conduct, rather than injuring an employee, injures an employee's unborn child, a personal-injury action brought by or on behalf of the child is not barred by the exclusivity provisions of the Act."  <u>Id.</u> (citation omitted).  Similarly, citing Alabama opinions, the <u>Crean</u> court observed that "the only causes of action recognizable in tort as exceptions to workers' compensation being an exclusive remedy are fraud and the tort of outrageous conduct."  889 F. Supp. at 463-64 (citing <u>Lowman</u>, 547 So. 2d at 95, and <u>Continental Casualty Ins. Co. v. McDonald</u>, 567 So. 2d 1208 (Ala. 1990)).  Recognizing the broad application of the exclusivity of remedy set out in § 25-5-52 and § 25-5-53, the court in <u>Treadwell</u> found that the exclusivity provisions barred an employee's claim for "reckless fraud" (as opposed to intentional fraud), <u>see</u> 970 F. Supp. at 987, and the <u>Crean</u> court disallowed a claim for interference with contractual relations.  <u>See</u> 889 F. Supp. at 465.

     Plaintiff's claims in Counts I and II of her complaint are predicated on allegations of negligence, wantonness and willfulness.  The averments of negligence and wantonness do not arise from the type of intentional and outrageous conduct described above.  The

court, therefore, finds that these claims are not excepted from the Act's exclusivity provisions.

In support of its motion to dismiss Plaintiff's claims predicated on averments of willful conduct, Defendant relies on <u>Ex parte</u> <u>Progress Rail Services Corp.</u>, 869 So. 2d 459 (Ala. 2003). The court agrees that <u>Progress Rail Services</u> is dispositive.

In that case, the Supreme Court of Alabama addressed whether allegations of willful conduct by an employer to provide an employee with a safe work place constituted an exception to the exclusivity provisions of the Alabama Workers' Compensation Act so as to permit a separate tort lawsuit. <u>See</u> <u>id.</u> at 461-62. There, the employee died of injuries sustained in a fuel explosion while performing her job duties. Because it was undisputed that the employee's work-related injuries were compensable and covered under the Act, the employer argued that the Act's exclusive-remedy provisions precluded the tort action. <u>See</u> <u>id.</u> at 460-61. The employee's descendants, who brought the civil action on behalf of the deceased employee, predicated their opposing arguments on § 25-1-1 of the Act. They argued that § 25-1-1(a) "imposed on an employer a statutory duty to provide its employees with a safe place to work and that this duty, when intentionally and willfully breached, gives rise to a cause of action unencumbered by the exclusive-remedy provisions of the act." <u>Id.</u> at 464. In further support of their position, the employee's descendants cited Alabama case law where the courts had recognized an exception to the exclusivity provisions for "intentional tortious conduct," such as intentional fraud and outrage. <u>See</u> <u>id.</u> (citing <u>Lowman</u>, 547 So. 2d at 90, <u>Tittle v. Custard Ins. Adjusters</u>, 590

So. 2d 880 (Ala. 1991), and Fontenot v. Bramlett, 470 So. 2d 669 (Ala. 1985)). The Supreme Court of Alabama agreed with the employer.

In reaching its conclusion, the Court relied heavily on the legislative intent of the Act's exclusivity provisions, as delineated in *Ex parte* McCartney Construction Co., 720 So. 2d 910 (Ala. 1998), and other Alabama opinions. See id. at 464-473. Significantly, when the Alabama legislature amended § 25-5-14, which provided a limited form of immunity to co-employees and other third parties, it solidified its intent regarding the exclusivity provisions of the Workers' Compensation Act. In this section of the Act, the Legislature made an explicit pronouncement that its intent "is to provide complete immunity to employers" from civil liability. See id. at 464-65 (citing McCartney Constr. Co., *supra*, and Ala. Code § 25-5-14 (1975)). As further observed by Progress Rail Services, quoting again from McCartney, a 1992 amendment to a different provision of the Act, i.e., § 25-5-11, carved out a willful conduct exception for co-employee liability, but did "not effect the immunity provided by §§ 25-5-52 and 25-5-53" to employers. Id. at 465. "Obviously, by reaffirming the 'complete immunity' for employers, while simultaneously providing a 'limited immunity' to various third parties, including co-employees, the Legislature evidenced a carefully calibrated intent to preserve to employers the immunity and exclusivity of remedy declared in § 25-5-52 and § 25-5-53." Id. at 465-66 (quoting McCartney, 720 So. 2d at 911).

Again relying on prior decisional analysis, the Progress Rail Services court underscored the all-encompassing application of the Act's exclusive-remedy provisions:

> "In the context where the employee's claim is covered by the Act, this Court has held that the employee does not have a remedy in tort against the employer, regardless of whether the conduct of the employer is alleged to be intentional and willful. This is so because § 25-5-22, the savings provision of the Act permitting actions arising from intentional and willful conduct, is limited to actions against co-employees."

Id. at 467-68 (quoting *Ex parte* Shelby County Health Care Auth., 850 So. 2d 332, 341 (Ala. 2002) (Lyons, J. concurring in part and dissenting in part)).

The Progress Rail Services court also held that the opinions cited by the employee's descendants did not carve out an exception for an employer's willful conduct. In one opinion, it was clear that the employer's conduct was "not covered" under the Act, see id. at 468-71 (distinguishing Lowman, *supra*, which allowed an employee's fraud claims to proceed to trial), and, in the other two opinions, the employers were not sued, only co-employees and insurance companies, and, thus, the employers' immunity under the Act was not at issue.[4]  See id. at 468-69, 470 (distinguishing Fontenot, *supra*, and Tittle, *supra*).

After its exhaustive review, the Supreme Court of Alabama concluded as follows:

[W]e cannot agree with the [employee's descendants] that it "stands to reason" that, because the Legislature has imposed a statutory duty on employers to provide their employees with a safe place to work, an injured employee can maintain an action against an employer for a breach of that duty even though the injury is fully covered under the Act, with that action

---

[4] The employee's descendants also relied upon a fourth opinion, Etheredge v. Flowers, 766 So. 2d 842 (Ala. Civ. App. 1999).  To the extent that Flowers supported a tort action for willful failure to provide a safe work place against an employer covered by the Act, the Progress Rail Services court expressly "overruled" Etheredge.  See id. at 472-73.

> to be exempt from what this Court has declared to be the "complete immunity" provided to an employer for such injuries. It certainly can be argued that the Legislature manifested an entirely different intent in 1992 when it completely rewrote § 25-5-11 so as to specifically provide that various parties, exclusive of the employer, could be sued for willful conduct. The Legislature's so specifying as to various nonemployer parties, but providing no corresponding "limited" immunity for employers that would modify the "complete" immunity employers had previously been declared to enjoy, suggests that the Legislature intended to leave unaltered the nature of employer immunity.

Id. at 473.

Here, both parties concede that Plaintiff "was working within the line and scope of her employment" when she sustained the injuries which are at issue in this case. (Compl. ¶ 5 (Doc. No. 1)); (see also Def. Mot. Dismiss ¶ 12 (Doc. No. 4) ("It is undisputed that at the time of the incident Plaintiff was an employee of Beaulieu and that she was injured by an accident arising out of and in the course of her employment.").  Neither party has argued that Defendant's alleged willful conduct falls outside the parameters of the Alabama Workers' Compensation Act, nor has Defendant denied that it is an employer subject to the Act.  Rather, Defendant says that "[t]here is a dispute only about the nature and extent of [Plaintiff's] injuries and whether she is permanently and totally disabled." (Def. Mot. Dismiss ¶ 12.)

As Progress Rail Services makes clear, the exclusive-remedy provisions of the Alabama Workers' Compensation Act are just that--they are exclusive.  When the employee's injury is covered under the Act, the Act does not allow the employee to circumvent its provisions and seek a tort remedy based on an assertion that the employer's

14

conduct was willful. Because there is no dispute that, within the meaning of § 25-5-52, Plaintiff's injury was "occasioned by an accident . . . proximately resulting from and while engaged in the actual performance of the duties of . . . her employment and from a cause originating in such employment or determination thereof," the court finds that the exclusivity provisions of the Workers' Compensation Act foreclose not only Plaintiff's claims in Counts I and II predicated on allegations of negligence and wantonness, but also the claims arising from allegations of willful conduct.[5] The court, therefore, finds that Plaintiff has failed to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Accordingly, Defendant's motion to dismiss is due to be granted.

### C. The Ficititous Defendants

The question remains whether having dismissed the claims against the only identified Defendant, the court is required to dismiss this lawsuit in its entirety because no named parties, only fictitious ones, remain. Plaintiff's arguments made in support of her motion to remand, although insufficient to warrant a remand to state court, mitigate against dismissal. In Gaines, the court "decline[d]" to strike the fictitious parties from the complaint, finding that no federal rule or statute expressly bars the practice of fictitious party pleading in federal court and recognizing the importance in Alabama state courts of designating fictitious parties. 242 F. Supp.2d at 1166 (citing Charles Alan Wright, Arthur

---

[5] The court, thus, need not, and declines to, address Defendant's other argument predicated on § 6-5-440 of the Code of Alabama.

R. Miller & Edward H. Cooper, Federal Practice and Procedure § 3642 (3d ed. 1998)). Moreover, as recognized in Gaines, the Eleventh Circuit has held that, where the statute of limitations is determined based upon state law, Rule 15(c)(1) of the Federal Rules of Civil Procedure "allows federal courts sitting in diversity to apply relation-back rules of state law," and, thus, permits a court, after removal, to substitute a named defendant for a fictitious party. Saxton v. ACF Indus., Inc., 254 F.3d 959, 963-64 (11th Cir. 2001); Gaines, 242 F. Supp.2d at 1166.

In this case, dismissing the fictitious defendants without allowing Plaintiff reasonable time to conduct discovery to discern their identities will work an unjust and harsh result on Plaintiff. Because Plaintiff represents that the statute of limitations has run on her claims against the fictitious parties, a dismissal will deny her any legal recourse against these alleged culpable parties. She will be unable to learn the identities of these parties through the discovery process, and she will be precluded from seeking an amendment of her complaint based upon Alabama's relation-back principles. See Saxton, 254 F.3d at 963-64.

Although the court will not permit this lawsuit to exist in perpetuity solely against fictitious parties, based upon the extraordinary circumstances presented, it will permit Plaintiff thirty days to conduct discovery and to file a motion to amend the complaint with Defendants' true identities. See, e.g., Billman v. Indiana Dept. of Corrections, 56 F.3d 785, 789 (7th Cir. 1995) (recognizing that "eventually the plaintiff must discover the names of the defendants in order to serve summonses on them and thus establish the

16

court's personal jurisdiction," but holding that the plaintiff's "initial inability to identify the injurers is not by itself a proper ground for the dismissal of the suit[;] [d]ismissal would gratuitously prevent [plaintiff] from using the tools of pretrial discovery to discover the defendants' identity"). Upon motion of Plaintiff, the court will evaluate the propriety of the proposed amendment, taking into consideration its effect on the court's subject matter jurisdiction. See 28 U.S.C. § 1447(e) ("If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court."). If, however, discovery does not yield the identities of the fictitious parties, the court shall dismiss this lawsuit at the expiration of thirty days. See, e.g., Stratton v. City of Boston, 731 F. Supp. 42, 45 (D. Mass. 1989) (granting plaintiff leave to amend complaint with defendants' true identities prior to dismissal).

## IV. ORDER

Accordingly, it is CONSIDERED and ORDERED as follows:

(1) Plaintiff's motion to remand be and the same is hereby DENIED;

(2) Defendant's motion to dismiss be and the same is hereby GRANTED and Defendant Beaulieu Group, LLC, is hereby DISMISSED as a defendant in this lawsuit; and

(3) Plaintiff is GRANTED thirty days from the date of this Order to conduct discovery for the limited purpose of ascertaining the identities of the fictitious parties and

to file a motion to amend the complaint to substitute the true defendants for the fictitious defendants.

DONE this 30th day of September, 2005.

/s/ Ira DeMent
SENIOR UNITED STATES DISTRICT JUDGE